UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| James Clark, ) | |
| ) | |
| Plaintiff, ) | Case No.: 2:13-cv-00882-GMN-CWH |
| vs. ) | |
| ) | **ORDER** |
| Daniel Wells; Mario Regalado; and Cox ) | |
| Communications Las Vegas Inc., ) | |
| ) | |
| Defendants. ) | |
| ) | |

Pending before the Court is the Motion to Dismiss (ECF No. 4) filed by Defendants Daniel Wells, Mario Regalado, and Cox Communications Las Vegas Inc. ("Cox") (collectively, "Defendants"), relating to Plaintiff's original Complaint (ECF No. 1-2) filed in state court and removed to this Court. Plaintiff James Clark filed an opposition (ECF No. 9) requesting leave to amend, styled as a "Countermotion to Amend" (ECF No. 10), to which Defendants filed an opposition (ECF No. 14) also styled as a "Motion to Dismiss Amended Complaint" (ECF No. 15). Plaintiff filed a Reply (ECF No. 17) and Defendants also filed a Reply (ECF No. 18). The motions are now fully briefed.

**I. BACKGROUND**

In April 2013, Plaintiff filed the instant action in state court, alleging claims against Defendants arising from his former employment and subsequent termination in February 2010 by Cox, including the supervision and subsequent references of Plaintiff by Regalado and Wells as Cox employees. (Compl., ECF No. 1-2.) Plaintiff alleges claims for: (1) Age Discrimination/ Hostile Work Environment under Nev. Rev. Stat. § 613.330; (2) Wrongful Termination; (3) Retaliatory Discharge; (4) Defamation; (5) Intentional Infliction of Emotional Distress; and (6) Civil Conspiracy. (*Id.*)

1    Defendants removed the action to this Court alleging federal question jurisdiction under
2 the Family and Medical Leave Act ("FMLA"), 29 U.S.C. §§ 2601-2654, and specifically 28
3 U.S.C. § 2615(a), based upon Plaintiff's allegation of retaliation for taking FMLA leave under
4 his third claim for relief. (Notice of Removal, ECF No. 1; *see* Compl. 8.)

5    In their Motion to Dismiss (ECF No. 4), Defendants move for dismissal of all of
6 Plaintiff's claims except his third claim for retaliatory discharge, arguing that these claims are
7 either time-barred or lack sufficient factual support.  In opposition, Plaintiff argues that he
8 should be permitted to amend his pleading to address or cure the deficiencies identified by
9 Defendants, to the extent they exist. (ECF No. 10.)  Specifically, Plaintiff requests leave to
10 amend in order "to clarify and/or add causes of action for ADEA discrimination under federal
11 law, for breach of written, oral, and/or implied contract under State law, and to amend his
12 Complaint in any other manner necessary to cure his Complaint of defects." (*Id*.)

13    **II. LEGAL STANDARD**

14    "A party may amend its pleading once as a matter of course within . . . 21 days after
15 serving it, or . . . if the pleading is one to which a responsive pleading is required, 21 days after
16 service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or
17 (f), whichever is earlier." Fed. R. Civ. P. 15(a)(1).  "In all other cases, a party may amend its
18 pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. P.
19 15(a)(2).  "The court should freely give leave when justice so requires." Fed. R. Civ. P.
20 15(a)(2).

21    Pursuant to Rule 15(a), a court should "freely" give leave to amend "when justice so
22 requires," and in the absence of a reason such as "undue delay, bad faith or dilatory motive on
23 the part of the movant, repeated failure to cure deficiencies by amendments previously allowed,
24 undue prejudice to the opposing party by virtue of allowance of the amendment, futility of the
25 amendment, etc." *Foman v. Davis*, 371 U.S. 178, 182 (1962).

Generally, leave to amend is only denied when it is clear that the deficiencies of the complaint cannot be cured by amendment. *See DeSoto v. Yellow Freight Sys., Inc.*, 957 F.2d 655, 658 (9th Cir. 1992).

### III. DISCUSSION

Here, Plaintiff requested leave to amend his Complaint less than 21 days after Defendants served their Motion to Dismiss (ECF No. 4) under Rule 12(b).  Accordingly, the Court finds that Plaintiff was not required to request leave of the Court to amend his pleading at the time of his request.  For this reason alone, the Court finds that Plaintiff should be granted leave to amend, because he would have been permitted to amend his pleading as a matter of course even without filing a motion.

Furthermore, the Court finds that even were Plaintiff not permitted to amend his pleading as a matter of course, there is more than adequate basis to grant Plaintiff's Motion to Amend (ECF No. 10) pursuant to Rule 15, because it is not clear that the deficiencies of the Complaint cannot be cured by amendment and therefore "justice so requires."  Accordingly, the Court will grant Plaintiff's Motion to Amend (ECF No. 10).  This renders moot Defendants' Motion to Dismiss (ECF No. 4) Plaintiff's original Complaint, and the motion will therefore be denied as moot.

Finally, the Court finds that Defendants' second Motion to Dismiss (ECF No. 15) was prematurely filed, because the operative pleading before the Court was still Plaintiff's original Complaint (ECF No. 1-2) at the time of its filing, and remains so.  Alternatively, the Court construes Defendants' second Motion to Dismiss (ECF No. 15) as a supplemental opposition to Plaintiff's Motion to Amend (ECF No. 10) or to the original Motion to Dismiss (ECF No. 4). Either way, the Court will deny Defendants' second Motion to Dismiss (ECF No. 15), without prejudice, with leave to re-file any relevant arguments as to Plaintiff's amended pleading at the proper time.

## IV. CONCLUSION

**IT IS HEREBY ORDERED** that the Motion to Amend (ECF No. 10) is **GRANTED**. Plaintiff shall file an Amended Complaint in the docket by January 24, 2014. Failure to do so by this deadline may result in dismissal of the action with prejudice.

**IT IS FURTHER ORDERED** that the Motion to Dismiss (ECF No. 4) is **DENIED as moot**.

**IT IS FURTHER ORDERED** that the Motion to Dismiss (ECF No. 15) is **DENIED without prejudice**.

**DATED** this 15th day of January, 2014.

_____
Gloria M. Navarro, Chief Judge
United States District Court