Kamer Zucker Abbott
Carol Davis Zucker    #2543
Timothy W. Roehrs    #9668
3000 West Charleston Boulevard, Suite 3
Las Vegas, Nevada 89102-1990
Tel: (702) 259-8640
Fax: (702) 259-8646

Attorneys for Defendants

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| JAMES CLARK, Individually, | CASE NO. 2:13-cv-00882-GMN-CWH |
| Plaintiffs, | |
| vs. | **ORDER RE: DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT** |
| DANIEL WELLS, an individual; MARIO REGALDO, an individual; COX COMMUNICATIONS LAS VEGAS INC., a Delaware corporation dba COX COMMUNICATIONS, | |
| Defendants. | |

On September 24, 2014, the Court held a hearing on Defendants' Motion to Dismiss Plaintiff's Amended Complaint (#35). Plaintiff filed a response (#36) to which Defendants replied (#37). Appearing for Plaintiff was Brandon Wright of the The Brandon Firm, LLC. Appearing for Defendants were Will Deveney of Elarbee Thompson Sapp & Wilson, LLP and Carol Davis Zucker of Kamer Zucker Abbott.

The Court has reviewed the above-referenced motion and briefs and heard the arguments of counsel. Pursuant to the standards governing consideration of Motions to Dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure by, *inter alia*, *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 561 (2007) and *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009), and good cause appearing, the Court holds as follows:

1.     Plaintiff's First Claim alleges age discrimination pursuant to NRS 613.330 and the Age Discrimination in Employment Act (ADEA) 29 U.S.C. § 621 *et seq*. More specifically, Plaintiff's First Claim alleges that he was dropped from consideration for promotion to the position of Field Service Manager in December 2009; that he was reprimanded in January 2010 for allowing one of his subordinates to leave work early; and that he was terminated from his employment in February 2010. Plaintiff also alleges in his First Claim that he discovered during October 2005 that he was being paid less than similarly-situated co-workers, although the general factual allegations pleaded in his Complaint state that Cox made an adjustment to his salary in May 2007 to make his compensation more equitable.

Defendants have moved to dismiss all claims to the extent they are brought under Nevada's anti-discrimination laws, NRS 613.330, based upon the statute of limitations; any pay discrimination claim alleged under the ADEA based upon the statute of limitations; and all claims under the ADEA to the extent they are brought against individual Defendants Daniel Wells and Mario Regalado. Defendants have not moved to dismiss Plaintiff's claims under the ADEA to the extent they are based upon the acts alleged to have occurred in December 2009, as well as in January and February 2010, and to the extent such claims are lodged against Defendant Cox Communications Las Vegas, Inc. ("Cox") only.

a.     Plaintiff's entire claim pursuant to NRS 613.330 is dismissed *with prejudice*. Plaintiff was required to file his civil action seeking relief under NRS 613.330 within 180 days after the last act complained of, although the running of this limitations period is tolled while the complaint is pending before the Nevada Equal Rights Commission (NERC). NRS 613.430. Plaintiff's employment was terminated on either February 18 or 19, 2010. Plaintiff filed his Charge of Discrimination with the Equal Employment Opportunity Commission (EEOC) on August 26, 2010, 189 or 190 days thereafter. The limitations period under NRS 613.430 therefore had already run

before Plaintiff filed his EEOC Charge. Although he has urged the Court to apply the doctrine of equitable tolling to excuse this late filing, Plaintiff has not alleged facts sufficient to justify equitable tolling of the statute of limitations. Accordingly, Plaintiff's Complaint (#1, Exhibit 1 thereto) was not timely filed. Since any amendment would be futile to overcome this defect, the dismissal is with prejudice.

    b. Plaintiff's First Claim under the ADEA is dismissed *with prejudice* to the extent the claim is based upon any alleged pay discrimination. In order to bring a civil action challenging an employment practice(s) as unlawful under the ADEA, Plaintiff was required first to file an EEOC charge within 300 days of the alleged practice(s). *See* 29 U.S.C. § 626(d)(2). Plaintiff filed his EEOC Charge on August 26, 2010. Plaintiff alleges that Cox adjusted his salary to make his pay more equitable in May 2007, over 300 days before he filed his EEOC Charge. Accordingly, any pay discrimination claim that Plaintiff asserts under the ADEA is time-barred. Again, since any amendment would be futile to overcome this defect, the dismissal is with prejudice.

    c. The First Claim under the ADEA is dismissed *with prejudice* and in its entirety as to Defendants Wells and Regalado. Defendants have moved to dismiss this claim as to Messrs. Wells and Regalado as individuals are not proper party defendants to an ADEA claim under *Miller v. Maxwell's Intern. Inc.*, 991 F.2d 583, 587-88 (9th Cir. 1993). Plaintiff has conceded that the individual Defendants are not properly named as defendants under the ADEA, consistent with *Miller, supra*.

  2. Plaintiff's Second Claim, styled as "wrongful termination," asserts a claim for tortious discharge based upon alleged age discrimination and a claim for breach of contract based upon the language of Defendant Cox's employee handbook.

    a. Plaintiff's Second Claim is dismissed *with prejudice* to the extent it asserts a claim for tortious discharge in violation of public policy. First, the Nevada Legislature, while

prohibiting age discrimination in employment in NRS 613.330, has also provided a statutory remedy. NRS 613.405-613.430. That statutory remedy is the exclusive remedy under state law for alleged age discrimination in employment. As a matter of law, therefore, Plaintiff cannot assert a common law tortious discharge claim based upon any alleged age discrimination. Second, under NRS 11.190(4)(c), a two-year statute of limitations applies to any tortious discharge claims. Plaintiff was terminated on either February 18 or 19, 2010, but did not file this action until April 15, 2013, more than two years later. Plaintiff did not timely file this claim. Since any amendment would be futile to overcome this defect, the dismissal is with prejudice.

    b.  Plaintiff's Second Claim is dismissed *without prejudice* to the extent it asserts a claim for breach of contract. Nevada law presumes Plaintiff to have been employed at-will, but Plaintiff contends that Cox's employee handbook required that Cox follow specific disciplinary steps prior to termination and so rebuts the at-will presumption. The Court determines not to take notice of and has not considered the receipt for the handbook proffered by Defendants, but does consider the pages of the employee handbook proffered by Defendants pursuant to the incorporation by reference doctrine. The employee handbook sets forth a number of steps that may be followed in employee discipline and termination. However, the handbook also states that these disciplinary steps are not exclusive and the company's use of any of these steps is discretionary. This case is distinguished, therefore, from *D'Angelo v. Gardner*, 107 Nev. 704, 710, 819 P.2d 206, 211 (1991), the case cited by Plaintiff, as there the employee handbook stated that the disciplinary steps "must" be followed, and on that basis as well as other evidence of a contract of continued employment under which following the disciplinary steps was required. The Nevada Supreme Court has held that simply having an employee handbook that contains a progressive discipline process is legally insufficient to transform at-will employment into a contract of continued employment other than at-will. However, because the Court cannot say that any amendment would be futile, Plaintiff's breach of contract claim is dismissed

*without prejudice*.

3. Plaintiff's Third Claim, alleging retaliation under the Family and Medical Leave Act (FMLA), is dismissed *with prejudice*. The FMLA has a two-year statute of limitations, but a three-year limitations period applies if the violation is willful. 29 U.S.C. § 2617(c)(1)-(2). The longer three-year statute(s) of limitations had already expired on any FMLA retaliatory discharge claim by the time Plaintiff filed his civil action on April 15, 2013, more than three years after his discharge in February 18 or 19, 2010. Therefore, even if the Defendants' conduct were to be considered willful, applying the longer limitations period, this claim is still barred by the statute of limitations. Since any amendment would be futile to overcome this defect, the dismissal is with prejudice.

4. Plaintiff's Fourth Claim for defamation is dismissed *without prejudice*. Under *Cunningham-Dirk v. State of Nevada*, 2:12-cv-00590-PMP, 2013 WL 77470 (D. Nev. January 3, 2013), and *Arikat v. JP Morgan Chase & Co.*, 430 F.Supp.2d 1013, 1021 (N.D. Cal. 2006), a plaintiff must identify the statement allegedly made, who made it, to whom, why the statement is false, and the basis for its falsity. Plaintiff here has not alleged with the requisite specificity what allegedly defamatory statements were made, when, or to whom. Plaintiff must allege more than a mere reason to believe such statements were made. Since Plaintiff may be able to cure these defects, however, the Court cannot say at this time that any amendment would be futile. Therefore this claim is dismissed without prejudice.

5. Plaintiff's Fifth Claim, asserting the tort of intentional infliction of emotional distress, is dismissed *with prejudice*. First, Plaintiff's discharge was on February 18 or 19, 2010, but he did not file this action until April 15, 2013, and therefore is barred under the two year statute of limitations at NRS 11.190(4)(e). In addition, Plaintiff has not pleaded facts legally sufficient to demonstrate the first required element for this tort; namely, that Defendants engaged in "extreme and outrageous conduct." Plaintiff has alleged that he was accused of mishandling his job and escorted

from the work premises at the time of his discharge while being forced to gather his personal belongings. While this alleged conduct may have been "humiliating" and "embarrassing," conduct more extreme and outrageous must be alleged to be legally sufficient to state a claim under Nevada law. Since any amendment would be futile to overcome these defects, the dismissal is with prejudice.

     6.    Plaintiff's Sixth Claim, for Civil Conspiracy, is dismissed without *prejudice*. Defendant Cox cannot be held liable on such a claim under the doctrine of *respondeat superior*. And as the Court has held above, Plaintiff has not sufficiently pleaded a claim for defamation against the individual defendants to allow his claim for civil conspiracy to survive this Motion to Dismiss. However, because it is possible that Plaintiff could sufficiently plead a defamation claim by amendment, the Court cannot say at this time that any amendment would be futile, and so this claim is dismissed *without prejudice*.

Accordingly, Defendants' Motion to Dismiss is granted in part and denied in part as follows:

1. Plaintiff's First Claim is dismissed *with prejudice* as against all Defendants to the extent it asserts claims under NRS 613.330;

2. Plaintiff's First Claim is dismissed *with prejudice* as against Defendant Cox to the extent it asserts claims under the ADEA based upon alleged pay discrimination, which was before October 30, 2009;

3. Plaintiff's First Claim is dismissed *with prejudice* to the extent it asserts any ADEA claims against Defendants Daniel Wells and Mario Regalado;

4. Plaintiff's Second Claim is dismissed *with prejudice* as against all Defendants to the extent it asserts a claim for tortious discharge in violation of public policy;

5. Plaintiff's Second Claim is dismissed *without prejudice* to the extent it asserts a claim for breach of employment contract;

6. Plaintiff's Third Claim for retaliatory discharge under the Family and Medical Leave

Act is dismissed *with prejudice* as against all Defendants;

7. Plaintiff's Fourth Claim for defamation is dismissed *without prejudice*;

8. Plaintiff's Fifth Claim for intentional infliction of emotional distress is dismissed *with prejudice* as against all Defendants; and

9. Plaintiff's Sixth Claim for civil conspiracy is dismissed *without prejudice*.

**IT IS SO ORDERED** this 9th day of October, 2014.

_____
Gloria M. Navarro, Chief Judge
United States District Court

Submitted by:

ELARBEE, THOMPSON, SAPP & WILSON, LLP
William Drummond Deveney
800 International Tower
229 Peachtree Street, N.E.
Atlanta, Georgia 30303
(404) 582-8414 (direct)
(404) 659-6700 (main office)
deveney@etsw.com

KAMER ZUCKER ABBOTT

By:   /s/Carol Davis Zucker
      Carol Davis Zucker #2543
      3000 West Charleston Boulevard, Suite 3
      Las Vegas, Nevada 89102-1990
      Tel: (702) 259-8640
      czucker@kzalaw.com

Attorneys for Defendants

Approved as to form:

TRUITT LAW GROUP

By    /s/Glenn H. Truitt
      Glenn H. Truitt, Esq. #12506
      Kristina R. Weller, Esq. #7975
      550 E. Charleston Blvd., Suite A
      Las Vegas, Nevada 89104

      *(Attorneys for Plaintiff)*